UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN SKEEN,<br><br>                 Petitioner,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                 Respondent. | Case No. 2:11-cv-00125-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court for its consideration is Petitioner Sean Skeen's ("Petitioner") Petition for Review of the Respondent's denial of social security benefits, filed March 28, 2011. *Petition*, Dkt. 1. The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, and the administrative record ("AR"). For the reasons that follow, the Court will affirm the decision of the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

I.

## Procedural and Factual History

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on October 26, 2006, alleging disability due to Cyclical Vomiting Syndrome ("CVS"). Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge ("ALJ") R.S. Chester held a hearing on June 5, 2008, taking testimony from Petitioner and a vocational expert. (AR 19-53.) ALJ Chester issued a decision finding Petitioner not disabled on July 8, 2008. (AR 12-18.) Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner. (AR 1-4.) Petitioner appealed this final decision to this Court in Case No. 2:09-cv-00197-LMB. Before filing of the administrative record or briefing occurred, and based on the stipulation of the parties, Magistrate Judge Larry M. Boyle entered an order remanding for further proceedings and directing the ALJ to find at step two of the sequential evaluation process that cyclical vomiting syndrome was a medically determinable impairment and to continue with the sequential evaluation process. (AR 308-310.)

The ALJ again held a hearing on January 26, 2010, taking testimony from Sergio Bello, M.D., an impartial medical expert, and Diane Kramer, an impartial vocational expert, and another hearing on March 5, 2010, taking testimony from Petitioner. (AR 266-286 and 287-307.) ALJ Chester issued a decision finding Petitioner not disabled on

MEMORANDUM DECISION AND ORDER - 2

March 12, 2010.  (AR 237-244.)

Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner.  (AR 1-3.)  Petitioner appealed this final decision to this Court.  The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 38 years old.  He has a twelfth grade education, has completed a CNA program, and his past relevant work includes cashier, certified nurse's assistant, press operator, industrial cleaner, customer service representative, roll tender, and cable installer.

## II.

### Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant has the burden of proving a disability in the first four steps of the sequential evaluation after which the burden moves to the Commissioner at the fifth step.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

At step one, it must be determined whether the claimant is engaged in substantial gainful activity.  The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date of September 23, 2006.  (AR 239.)

At step two, it must be determined whether claimant suffers from a severe impairment.  The ALJ found that Petitioner's cyclic vomiting and degenerative disc

disease impairments are "severe" within the meaning of the Regulations. (AR 240.)

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner did not have an impairment or combination of impairments that meets or equals the criteria for the listed impairments. (AR 240.) If a claimant's impairments or combination of impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.

At step four, the ALJ found Petitioner was able to perform the full range of medium work and his past relevant work as a CNA, press operator, industrial cleaner, customer service representative, cashier, cable installer as performed by the claimant, and roll tender. (AR 241-44.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. Here, having found Petitioner not disabled at step four, the ALJ did not proceed to step five.

## III.

## Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotations omitted). It is more than a scintilla but less than a preponderance. *Id*.

It is well-settled that if there is substantial evidence to support the decision of the ALJ, the decision must be upheld "if supported by inferences reasonably drawn from the record . . ." even "where the evidence is susceptible to more than one rational interpretation." *Id*. The Court may not substitute its judgment for that of the ALJ.

*Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006).

## IV.

## Discussion

Petitioner raises three issues on appeal: (1) whether the ALJ's conclusion that Petitioner's impairments do not preclude sustained employment is supported by substantial evidence; (2) whether the ALJ provided legally sufficient reasons to reject Petitioner's testimony; and (3) whether the claim should be remanded based upon new evidence. He requests either an award of benefits or remand for consideration of new evidence. The Court will consider the issue of rejection of Petitioner's testimony first.

### A.     Rejection of Petitioner's Testimony

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). To reject a claimant's testimony regarding impairments, "the ALJ [is] required to make 'a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.'" *Tommasetti*, 533 F.3d at 1039 (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)). The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of medical evidence. *Tommasetti*, 533 F.3d at 1039. Unless there is affirmative evidence showing

MEMORANDUM DECISION AND ORDER - 6

that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting a claimant's testimony. *Id.* Stated another way, "[t]he ALJ must support his credibility finding 'with specific, clear and convincing reasons.'" *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quoting *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011)).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct; claimant's daily activities; claimant's work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). In addition to those factors, the ALJ may consider prior inconsistent statements regarding the symptoms, "other testimony by the claimant that appears less than candid," and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Chaudhry*, 688 F.3d at 672 (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Id*.

Here, the ALJ found that Petitioner's allegation of total disability due to his CVS was not credible. (AR 242.) Therefore, given that there is no evidence of malingering, his finding must be based on clear and convincing reasons. The ALJ based his finding on the following factors: (1) lack of accepted medical source diagnosis of CVS (AR 242-

243); (2) lack of weight loss or signs of malnutrition (AR 242); (3) claimant was "essentially undeterred in any activity when not experiencing a vomiting episode" (AR 242); (4) vomiting episodes appeared to be less frequent than alleged (AR 242); (5) inconsistent reports regarding hospital visits (AR 243); and (6) continued full-time employment from the alleged onset date of 1999 which was originally alleged through 2006 (AR 243).[1]

In discussing these factors, the ALJ noted that Dr. Michael Carraher stated that Petitioner's impairment was "primarily self-reported" and that Petitioner did not follow up on Nurse Practitioner Dahlen's suggestion that he be seen by a gastroenterologist. (AR 242.) He cited the records of Dr. Arnold, a state agency medical evaluator, that contained a notation that there was "no evidence of malnutrition or weight loss, surgical diversion of the intestinal tract, or a disorder of the digestive system" that would be expected with frequent vomiting. (AR 242.) He also cited the records of Dr. Coolidge, another state agency medical evaluator, noting not only Petitioner's weight gain from 2007 to 2008 of 12 pounds "in less than a month after reportedly vomiting for five consecutive days while only able to keep down water," but also his overweight status by May of 2008. (AR 242.)

In support of his finding that vomiting episodes were less frequent than alleged,

---

[1] Petitioner contends in his Reply that the Commissioner waived his argument that his "ability to work when he was able and his claim of his impairment since 1999 are waived because the ALJ did not cite these as reasons in disbelieving Mr. Skeen's testimony." *Reply* at 1 (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). However, a review of the record indicates that the Commissioner did cite those reasons. *See* AR 243.

the ALJ noted that "despite his reports of regular illness, the claimant's visits to the doctor or hospital for vomiting episodes occurred at most once every two months." (AR 242 (citing four visits in 2007 and two each in 2008, 2009, and 2010)). He noted an inconsistency between his testimony that of "multiple visits to the emergency department" with his representative's statement that Petitioner "never went to the hospital or doctor because they were attempting to collect past due fees." (AR 243.)

The Court finds that the ALJ made sufficiently clear findings to permit the Court to find that he "did not arbitrarily discredit claimant's testimony." *See Tommasetti*, 533 F.3d at 1039.

## B.    Substantial Evidence Regarding Sustained Employment

As stated above, if there is substantial evidence supporting an ALJ's decision, the decision must be upheld even if the evidence is susceptible to different interpretations. *Tommasetti*, 533 F.3d at 1038. This is so even if there is evidence supporting a finding of disability or where the evidence could reasonably support either affirming or reversing the ALJ's decision. *See Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

Social Security Ruling ("SSR") 96-8p provides that a claimant must be assessed for the ability "to do sustained work activities on a regular and continuing basis, and the RFC must (emphasis added) include a discussion of the individual's abilities on that basis. A 'regular and continuing basis' means 8 hours a day, 5 days a week, . . . ." SSR

96-8p, ¶ 1.

Petitioner cites the testimony of the vocation expert at the first hearing on June of 2008 who testified that absences from work two days per month would not be tolerated by an employer. (AR 51-52.) He also cites the testimony of the vocational expert at the second hearing in January of 2010 that absences from work two to four times per month would preclude all employment. (AR 306.) He then alleges that the ALJ relied on the Medical Vocational Guidelines in finding that a person with his vocational profile and an exertional restriction to medium is not disabled. He contends that a significant non-exertional impairment such as his would make reliance on the guidelines inappropriate. *Pet'r.'s Brief* at 8.

Although the vocational experts testified that the stated absences would preclude employment, the ALJ did not find Petitioner's testimony regarding the number of absences per month was credible. Rather, he found that "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 241.) The ALJ found that Petitioner "is essentially undeterred in any activity when not experiencing a vomiting episode, and his vomiting episodes appear to be much less often than alleged." (AR 242.)

The Court found above that the ALJ's credibility finding was supported by substantial evidence. Therefore, the ALJ was not required to include Petitioner's

discounted subjective symptoms in his residual functional capacity finding. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F3d. 1190, 1197 (9th Cir. 2004).

In reaching his residual function capacity determination, the ALJ was left with – and gave great weight to – the opinions of Dr. Carraher, a treating physician; Drs. Arnold and Coolidge, examining physicians; and Dr. Bello, the medical expert at the hearing. (AR 242-43.) Dr. Carraher determined that Petitioner could do light to medium work. Dr. Arnold assessed Petitioner as capable of a full range of medium work, and Dr. Coolidge agreed. Finally, Dr. Bello testified at the hearing that Petitioner could perform work at a medium level.

The AJL did not rely on the Medical Vocational Guidelines, otherwise known as "the grids," to find that Petitioner was not disabled. He did not do so because he had found at Step Four that Petitioner was not disabled. An ALJ utilizes the grids in certain circumstances in meeting the burden under step five. The very case cited by Petitioner in his argument indicates that the ALJ uses the grids in certain circumstances in meeting his step five burden of proving that a "claimant can perform 'other jobs that exist in substantial numbers in the national economy.'" *See Bruton v. Massanari*, 268 F.3d 824, 827-28 and n.1 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999)). The ALJ here did not proceed to step five having found Petitioner not disabled at step four.

Based on the above, the Court finds that the ALJ's RFC finding that Petitioner is capable of sustained employment is supported by substantial evidence and not the product of legal error.

**C.     Remand Based on New Evidence**

Petitioner attached to his brief medical records from a gastroenterology specialist, Gavin Young, M.D, reflecting two visits in February of 2011, a diagnosis of CVS, and test results ruling out other causes of Petitioner's vomiting.  *Pet'r's Aff.*, Dkt. 18-3 at 2-10.  There is no indication that Petitioner submitted the records to the Appeals Council.  He requests a remand based upon this new evidence if the Court does not reverse the Commissioner's decision.

A remand based on new evidence may only be granted where Petitioner shows that (1) the new evidence is material, and (2) good cause existed for failing to produce it earlier.  42 U.S.C. § 405(g); *Mayes v. Massinari*, 276 F.3d 453, 462 (9th Cir. 2001).  "To be material under section 405(g), the new evidence must bear directly and substantially on the matter in dispute . . . and [the petitioner] must additionally demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing."  *Id*. (internal quotations and citations omitted).  *See also Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

Petitioner here claims that good cause exists for not submitting the evidence

sooner because the final report and testing results were not received until after the Appeals Council's denial of his disability claim. He does not address the materiality requirement other than to state that the evidence is relevant because the ALJ claimed that Petitioner's testimony was inconsistent with the medical evidence. *Reply* at 2.

The Court finds that Petitioner has neither established good cause nor materiality. "A claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied. *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)). Rather, he "must establish good cause for not seeking the expert's opinion prior to the denial of his claim." *Id*.

The ALJ's decision was issued on March 12, 2010, yet Petitioner did not see Dr. Young until February 1, 2011 and February 22, 2011. The Appeals Council denied review on February 16, 2011. (AR 231-233.)

Petitioner states in his Reply that he did not see Dr. Young earlier because he had no substantial income in the almost five years before he filed his application and had no medical insurance. *Reply* at 3. However, the fact that he did not seek a specialist's opinion until after the ALJ cited the lack of one and while he was still unemployed suggests that his explanation is less than credible. However, even if the Court were to find that Petitioner has established good cause, he still must establish materiality.

The ALJ concluded at step two that Petitioner suffers from CVS and that the CVS

is a severe impairment.  The new evidence would add nothing to the record other than a diagnosis already accepted by the ALJ and a history of the onset and duration of the condition still based only on Petitioner's own report.  It is unlikely that the new evidence would have changed the outcome of the ALJ's decision.  The lack of a specialist's diagnosis was but one of several factors cited by the ALJ for finding Petitioner not creditable. Therefore, the evidence is not material.

Because Petitioner has not demonstrated both the requisite good cause and materiality required under § 405(g), the Court will deny the request for a remand.

## V.

## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.

DATED: September 19, 2012

Honorable Mikel H. Williams
United States Magistrate Judge